# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| TRACI BERARDELLI and JOSEPH | : | Civil Action No. |
| BERARDELLI, *on behalf of their* | : | 3:14-CV-00691-MEM |
| *daughter* M.B., *a minor, and* | : | |
| *individually on their own behalf*, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLIED SERVICES INSTITUTE OF | : | |
| REHABILITATION MEDICINE, | : | |
| | : | |
| *Defendant*. | : | |
| _____ | : | |

_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS
_____

   Traci Berardelli and Joseph Berardelli individually and on behalf of

their minor daughter M.B. submit these proposed jury instructions.

## **Preliminary Instructions**

Plaintiffs' agree to the following preliminary instructions:

- Direct and Circumstantial Evidence – 1.6 of Third Circuit Model Jury Instructions

- Credibility of Witnesses – 1.7 of Third Circuit Model Jury Instructions

- Use of Deposition - 2.5 of Third Circuit Model Jury Instructions

- Use of Interrogatories – 2.6 of Third Circuit Model Jury Instructions

- Opinion Testimony – 2.11 of Third Circuit Model Jury Instructions

- Preponderance of the Evidence – 1.10 of Third Circuit Model Jury Instructions

## <u>Claims</u>

You have to decide two claims brought by Plaintiffs in this case: (1) Did the defendant, Allied Services Institute of Rehabilitation Medicine—which I will refer to as Allied—violate Section 504 of the Rehabilitation Act; and (2) was Allied negligent.  I will refer to Section 504 of the Rehabilitation Act as the RA.

Plaintiffs allege that Allied violated the RA and that Allied was negligent and that plaintiffs suffered harm as a result of Allied's conduct.

Allied denies that it violated the RA or was negligent or that plaintiffs were harmed as a result of any of Allied's conduct.

\_\_\_X\_\_\_     Defendant's Concurrence
_____     Defendant's Non-concurrence

Authority:  1.2 of Third Circuit Model Jury Instructions.

## Stipulation of Facts

The plaintiffs and Allied have agreed that the following facts are true:

1.      M. B. is 14 years old and was born on January 9, 2003.

2.      M.B.'s diagnoses include Chiari Malformation, Hydrocephalus, Complex Partial Epilepsy Intractable, and Dyslexia.

3.      M.B. suffers from three types of seizures, absent, complex partial, and full tonic-clonic grand mal seizures.

4.      M.B. enrolled in the dePaul School in November of 2011 at age eight without a service dog.

5.      The dePaul School is a division of Allied Services Institute of Rehabilitation Medicine.

6.      Buddy was a certified service dog at all relevant times.

7.      M.B. did not attend the dePaul School at any time between October 25, 2013 and January 2, 2014.

8.      January 16, 2014 was the last day M.B. attended the dePaul School.

9.      Allied received federal funds during the time that M.B. was enrolled.

You must therefore treat these facts as having been proved for the purposes of this case.

___X___    Defendant's Concurrence
_____    Defendant's Non-concurrence

Authority:  2.4 of Third Circuit Model Jury Instructions.

M.B. - Plfs' Proposed Jury Instructions 1.26.17

### Elements of Claim under RA

To prevail on a claim under the RA, plaintiffs must prove by a preponderance of the evidence that Melanie:  (1) has a disability; (2) otherwise qualified to participate in a school program; and (3) was denied the benefits of the program or otherwise subject to discrimination because of her disability.  Plaintiffs must also prove by a preponderance of the evidence Allied knew or should have been reasonably expected to know of Melanie's disability.  However, to establish liability, as opposed to damages, plaintiffs need not prove that Allied's discrimination was intentional.

_____    Defendant's Concurrence
___X___    Defendant's Non-concurrence

Authority:  Summary Judgment Opinion ("S.J. Op.) at 21, 25-26; *S.H. ex rel. Durrell v. Lower Merion School Dist.,* 729 F.3d 248, 260, 262 (2014); *Chambers v. Sch. Dist. Philadelphia Bd. Of Educ*., 827 F. Supp. 2d., 409, 417 (2011).

## <u>RA Claim—Denial of Use of Service Animal</u>

In this case, the plaintiffs claim that Allied denied Melanie the benefits of the dePaul School when Allied barred Melanie from attending the dePaul School with her service dog, Buddy.  The law provides that generally Allied must modify its policies, practices, or procedures to permit the use of Melanie's service dog, and Melanie must be permitted to be accompanied by Buddy in all areas of the dePaul School's where students are allowed to go.

There are two exceptions.  Allied may ask an individual with a disability to remove the service animal from the premises if (1) the animal is out of control and the animals handler does not take effective action to control it; or (2) the animal is not housebroken.

To find for plaintiffs on liability, you do not have to find that their injury was the result of deliberate discrimination.  Rather, plaintiffs must prove that but for the discrimination, Melanie would not have been deprived of the benefit they sought.

_____    Defendant's Concurrence
___X___    Defendant's Non-concurrence

Authority:  S.J. Op. at 24, 25 fn 5; *Alboniga v. School Bd. Of Broward County Fla.* 87 F. Supp. 3d 1319, 1332 S.D. Fla 215); 28 C.F.R. 35.136 (a) (b) (g); *Muhammad v. Ct. Common Pleas of Allegheny Cnty.*, 483 Fed. Appx. 759, 764 (3d Cir. 2012).

M.B. - Plfs' Proposed Jury Instructions 1.26.17

## **RA Claim—Reasonable Accommodations**

In addition, plaintiffs assert a claim under the RA for failure to accommodate as an independent basis for liability.  For this claim, plaintiffs have the initial burden of proving by a preponderance of the evidence that the requested accommodations they seek were reasonable—that is, necessary to avoid discrimination on the basis of disability.  In other words, the requested accommodations were necessary to permit Melanie's meaningful participation.

If you find that plaintiffs have proved that the requested accommodations were necessary to avoid discrimination on the basis of Melanie's disability, then the burden shifts to Allied to prove by a preponderance of the evidence that the requested accommodations were unreasonable.

To find for plaintiffs on liability, you do not have to find that their injury was the result of purposeful discrimination.  Rather in a failure-to-accommodate claim, plaintiffs must prove that, but for the failure to accommodate, they would not be deprived of the benefit they sought.

_____    Defendant's Concurrence
___X___    Defendant's Non-concurrence

Authority: S.J. Op. 26, 29 n. 5; *Alboniga v. School Bd. Of Broward County Fla.* 87 F. Supp. 3d 1319, 1332 S.D. Fla 215); 28 C.F.R. 35.136 (a) (b) (g); *Muhammad v. Ct. Common Pleas of Allegheny Cnty.*, 483 Fed. Appx. 759, 764 (3d Cir. 2012).

M.B. - Plfs' Proposed Jury Instructions 1.26.17

## **Nominal Damages**

If you return a verdict for plaintiffs, but plaintiffs have failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if they suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.


_____        Defendant's Concurrence
\_\_\_X\_\_\_        Defendant's Non-concurrence


Authority:  9.4.5 of Third Circuit Model Jury Instructions (ADA).

**<u>Intentional Discrimination</u>**

As I have just explained for you to find Allied liable under the RA, plaintiffs do not have to prove intentional or purposeful discrimination.

In this case, plaintiffs also seeks compensatory damages. I will instruct you on damages next. To be entitled to an award of compensatory damages, as opposed to a finding of liability, under the RA, plaintiffs must prove by a preponderance of the evidence intentional discrimination. To prove intentional discrimination, plaintiffs must prove that Allied acted with deliberate indifference towards plaintiffs' rights.

To satisfy deliberate indifference, plaintiffs must prove both (1) knowledge that a federally protected right is substantially likely to be violated, and (2) failure to act despite that knowledge.

Deliberate indifference does not require that plaintiffs prove that Allied showed personal ill will or animosity toward them. It does however require a deliberate choice rather than negligence or bureaucratic inaction.

___X___   Defendant's Concurrence
_____   Defendant's Non-concurrence

Authority: S.J. Op. at 27-28; *D.E. v. Central Dauphin School Dist.*, 705 F.3d 260, 269 (3d Cir. 2014); *Duvall v. Cnty of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001); *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011); *Loeffler v. Staten Island University Hosp.*, 582 F.3d 268 (2d Cir. 2009).

M.B. - Plfs' Proposed Jury Instructions 1.26.17

**RA Claims—Damages**

I am now going to instruct you on damages on plaintiffs' claim that Allied violated the RA. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Allied should be held liable.

If you find by a preponderance of the evidence that Allied violated plaintiffs' rights under the RA with deliberate indifference then you must consider the issue of compensatory damages. You must award plaintiffs an amount that will fairly compensate them for any injury they actually sustained as a result of Allied's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put plaintiffs in the position they would have occupied if the discrimination had not occurred. Plaintiffs have the burden of proving damages by a preponderance of the evidence.

Plaintiffs must show that the injury would not have occurred without Allied's act. Plaintiffs must also show that Allied's act played a substantial part in bringing about the injury, and that the injury was either a direct result, or a reasonably probable consequence of Allied's act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Allied acted with deliberate indifference. In other words, even assuming that Allied acted with deliberate indifference, plaintiffs are not

entitled to damages for an injury unless Allied's discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that Allied's act caused plaintiffs' injury, you need not find that Allied's act was the nearest cause, either in time or space. However, if plaintiffs' injury was caused by a later, independent event that intervened between Allied's act and plaintiffs' injury, Allied is not liable unless the injury was reasonably foreseeable by Allied.

In determining the amount of any damages that you decide to award for violation of the RA, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that plaintiffs experienced as a consequence of Allied's unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

M.B. - Plfs' Proposed Jury Instructions 1.26.17

You may award damages for monetary losses that plaintiffs may suffer in the future as a result of Allied's allegedly unlawful act. For example, you may award damages for loss of earnings resulting from any harm to plaintiffs' reputation that was suffered as a result of Allied's allegedly unlawful act.

As I instructed you previously, plaintiffs have the burden of proving damages by a preponderance of the evidence. But the law does not require that plaintiffs prove the amount of their losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that plaintiffs have a duty under the law to "mitigate" their damages--that means that plaintiffs must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Allied. It is Allied's burden to prove that plaintiffs have failed to mitigate. So if Allied persuades you by a preponderance of the evidence that plaintiffs failed to take advantage of an opportunity that was reasonably available to them, then you must reduce the amount of plaintiffs'

M.B. - Plfs' Proposed Jury Instructions 1.26.17

damages by the amount that could have been reasonably obtained if they had taken

advantage of such an opportunity.


___X___    Defendant's Concurrence
_____    Defendant's Non-concurrence

Authority:  3d Cir. Model Civil Jury Instructions 9.4.1 (ADA Employment)
(modified).

M.B. - Plfs' Proposed Jury Instructions 1.26.17

## <u>Negligence—Issues in the Case</u>

Plaintiffs also have a claim that they were harmed by Allied's negligent conduct. Plaintiffs have the burden of proving their claim.

Allied denies plaintiffs' claim.

The issues you must decide, in accordance with the law as I give it to you, are:

1. Was Allied negligent?

2. Was Allied's negligent conduct a factual cause in bringing about the harm to plaintiffs?

___X___    Defendant's Concurrence
_____    Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 13.00

## **Negligence**

In this case, you must decide whether Allied was negligent. I will now explain what negligence is.

A person must act in a reasonably careful manner to avoid harming others.

The care required varies according to the circumstances and the degree of danger at a particular time.

You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case.

A person who does something a reasonably careful person would not do under the circumstances is negligent.

A person also can be negligent by failing to act.

A person who fails to do something a reasonably careful person would do under the circumstances is negligent.

\_\_\_X\_\_\_    Defendant's Concurrence
_____    Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 13.10

## **Factual Cause**

In order for Plaintiffs to recover in this case, Allied's negligent conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, Allied's conduct need not be the only factual cause. The fact that some other causes concur with Allied's negligence in producing an injury does not relieve Allied from liability as long as its own negligence is a factual cause of the injury.

___X___    Defendant's Concurrence
_____    Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 13.20

M.B. - Plfs' Proposed Jury Instructions 1.26.17

## **Violation of Statute—Negligence Per Se**

The law provides that "No otherwise qualified individual with a disability in the United States, …shall solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…"

Plaintiffs claim that Allied violated this law.

If you find that Allied violated this law, you must find that Allied was negligent.

If you find that Allied did not violate this law, then you must still decide whether Allied was negligent because Allied failed to act as a reasonably careful person would under the circumstances established by the evidence in this case.

_____     Defendant's Concurrence
___X___     Defendant's Non-concurrence

Authority:   SSJI (Civ) 13.100

## <u>Violation of Governmental Regulation</u>

A 2012 Department of Justice regulation in effect at the time Melanie

attended the dePaul School provided:

> "Generally, a public entity shall modify its policies,
> practices and procedures to permit use of a service
> animal by an individual with a disability."

The 2012 Department of Justice regulation further provides:

> "Individuals with disabilities shall be permitted to be
> accompanied by their service animals in all areas of a
> public entity's facilities where members of the public,
> participants in services, programs or activities, or
> invitees, as relevant are allowed to go."

There are two exceptions under the regulation" "A public entity may

ask an individual with a disability to remove a service animal from the premises if

(1) the animal is out of control and the animal's handler does not take effective

action to control it; or (2) the animal is not housebroken."

Plaintiffs claim that Allied violated this regulation.

If you find that Allied violated these regulations, then Allied's violation of these regulations is evidence you must consider, along with all other evidence, in deciding whether Allied was negligent.

_____        Defendant's Concurrence
\_\_\_X\_\_\_        Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 13.110; S.J. Op at 23-24; 28 C.F.R. 35.136.

## **Concurring Causes**

Sometimes a person's negligent conduct combines with other circumstances to cause harm.

When a defendant's negligent conduct combines with other circumstances, the defendant is legally responsible if its negligent conduct was one of the factual causes of the harm.

In such a case, Allied is fully responsible for the harm suffered by plaintiffs regardless of the extent to which Allied's conduct contributed to the harm.

_____    Defendant's Concurrence
\_\_\_X\_\_\_\_    Defendant's Non-concurrence

Authority: SSJI (Civ) 13.150

M.B. - Plfs' Proposed Jury Instructions 1.26.17

## **Damages**

The fact that I am instructing you about damages on plaintiffs' negligence claim does not imply any opinion on my part as to whether damages should be awarded.

If you find that the defendant is liable to the plaintiff, you must then find an amount of money damages you believe will fairly and adequately compensate the plaintiff for all the physical and financial injury she has sustained as a result of the occurrence. The amount you award today must compensate the plaintiffs completely for damages sustained in the past, as well as damages the plaintiffs will sustain in the future.

___X__      Defendant's Concurrence
_____      Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 7.00

## **Lump Sum Damages**

The damages recoverable by each plaintiff in this case and the items that go to make them up, each of which I will discuss separately, are as follows:

1.    Past medical expenses;

2.    Future medical expenses;

3.    Future loss of earnings and lost earning capacity;

4.    Past lost earnings and lost earning capacity;

5.    Pain and suffering;

6.    Embarrassment and humiliation; and

7.    Loss of ability to enjoy the pleasures of life.

In the event that you find in favor of a plaintiff, you will add these sums of damage together and return your verdict in a single, lump sum.

___X___    Defendant's Concurrence
_____    Defendant's Non-concurrence

Authority:  SSJI (Civ) 7.10

## **<u>Future Medical Expenses</u>**

If you find the defendant's negligence caused the plaintiff's harm, the plaintiff is entitled to be compensated for all medical expenses that you find she will reasonably incur in the future for the treatment and care of her continuing injuries.

_____    Defendant's Concurrence
___X___    Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 7.30

M.B. - Plfs' Proposed Jury Instructions 1.26.17

## **Future Loss of Earnings and Lost Earning Capicity**

The plaintiffs are entitled to be compensated for any loss or reduction of future earning capacity that will result from the harm sustained.  In order to decide this amount, you must first decide:

1.    The total amounts that the plaintiffs would have earned during their life expectancy if the injury had not occurred; and you must decide

2.    The total amounts that the plaintiffs probably will be able to earn during their life expectancy.

The difference between these two amounts is the plaintiffs' loss of future earning capacity due to the injury.

The factors that you should consider in determining these amounts are:

1.    The type of work that the plaintiffs have done in the past or was capable of doing;

2.    The type of work, in view of the plaintiffs' physical condition, education, experience, and age, that the plaintiff would have been doing in the future had the harm not been sustained;

3.    The type of work, based upon the plaintiffs' physical condition, education, experience, and age, that the plaintiff will probably be able to do in the future, having sustained the injury;

4.      The extent and duration of the plaintiffs' harm; and

5.      Any other matters in evidence that you find to be reasonably

relevant to this question.

The amount of lost future earning capacity should be expressed by

you in a dollar amount.


_____      Defendant's Concurrence
\_\_\_X\_\_\_      Defendant's Non-concurrence


Authority:  Pa. SSJI (Civ) 7.40

## **Preexisting Condition or Injury**

Damages should be awarded for all injuries caused by the occurrence even if:

1.    The injuries caused by the occurrence were more severe than could have been foreseen because of the plaintiffs' prior physical condition; or

2.    A preexisting medical condition was aggravated by the occurrence.

If you find that the plaintiffs did have a preexisting condition that was aggravated by the defendant's negligence, the defendant is responsible for any aggravation caused by the occurrence.

I remind you that the defendant can be held responsible only for those injuries or the aggravation of a prior injury or condition that you find was factually caused by the occurrence.

_____    Defendant's Concurrence
___X___    Defendant's Non-concurrence

Authority:  SSJI (Civ) 7.70

## **Other Contributing Causes**

The plaintiffs are entitled to recover damages for all injuries that the defendant's negligence was a factual cause in producing. The defendant's negligence need not be the sole cause of the injuries; other causes may have contributed to producing the final result. The fact that some other factor may have been a contributing cause of an injury does not relieve a defendant of liability, unless you find that such other cause would have produced the injury complained of independently of defendant's negligence. Even though prior conditions or concurrent causes may have contributed to an injury, if the defendant's negligence was a factual cause in producing the injury, the defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other conditions or causes.

_____        Defendant's Concurrence
\_\_\_X\_\_\_        Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 7.90

## **Past Lost Earning and Lost Earning Capacity**

The plaintiffs are entitled to be compensated for the amount of earnings that they have lost up to the time of the trial as a result of their injuries. This amount is the difference between what they could have earned but for the harm and less any sum they actually earned in any employment.  It is not essential to recovery that the plaintiff should have been employed at the time of the incident, but their opportunities for employment are relevant in determining the amount they could have earned.

_____     Defendant's Concurrence
___X___     Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 7.110

## **Past and Future—Noneconomic Loss**

In addition to future medical expenses, there are three other past and future losses claimed: (1) pain and suffering; (2) embarrassment and humiliation; and (3) loss of ability to enjoy the pleasures of life.

The plaintiffs are entitled to be compensated for each of the following damages proven.

The plaintiffs are entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress you find she has endured in the past and will endure in the future as a result of her injury

The plaintiffs are entitled to be fairly and adequately compensated for all embarrassment and humiliation as you believe she has endured and will continue to endure in the future as a result of her injury.

The plaintiffs are entitled to be fairly and adequately compensated for the loss of her ability to enjoy any of the pleasures of life as a result of the harm from the time of the harm until today and in the future as a result of her injury.

In considering these damage awards, you should consider the following factors: (1) the age of the plaintiffs; (2) the severity of the injuries; (3) whether the injuries are temporary or permanent; (4) the extent to which the injuries affect the ability of the plaintiffs to perform basic activities of daily living and other activities in which the plaintiff previously engaged; (5) the duration and

M.B. - Plfs' Proposed Jury Instructions 1.26.17

nature of medical treatment; (6) the duration and extent of the physical pain and

mental anguish that the plaintiff has experienced in the past and will experience in

the future; and (7) the health and physical condition of the plaintiff prior to the

injuries.

___X___      Defendant's Concurrence
_____      Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 7.130

M.B. - Plfs' Proposed Jury Instructions 1.26.17

## **Punitive Damages—General Instruction**

If you find that the conduct of the defendant was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the defendant for its conduct and to deter the defendant and others from committing similar acts.

A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

_____    Defendant's Concurrence
___X____    Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 8.00

## **Punitive Damages against a Principal**

You may also award punitive damages against Allied, if you find that the actions of Principal Rickard:

*First*, were outrageous;

*Second*, occurred during and within the scope of Principal Rickard's duties; and

*Third*, were not committed to satisfy Principal Rickard's personal ill will or malice, but instead were committed with the intent to further Allied's interests.

_____     Defendant's Concurrence
\_\_\_X\_\_\_     Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 8.10

## **Mitigation of Damages**

The law requires a person who is injured by the negligence of another to take all reasonable steps to minimize their damages. The defendant has the burden to prove that the plaintiff failed to take such steps and that some damages could have been avoided. You must not award the plaintiff damages for harm that could have been reasonably avoided.

_____    Defendant's Concurrence
___X___    Defendant's Non-concurrence (under discussion)

Authority: Pa. SSJI (Civ) 7.100

## Punitive Damages—Amount of Award

If you decide that the plaintiffs are entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

1.    The character of the defendant's act,

2.    The nature and extent of the harm to the plaintiffs that the defendant caused or intended to cause in this regard you may include the plaintiffs' trouble and expense in seeking to protect her interests in legal proceedings and in this suit],

3.    The wealth of the defendant insofar as it is relevant in fixing an amount that will punish it, and deter it and others from like conduct in the future.

It is not necessary that you award compensatory damages to the plaintiffs in order to assess punitive damages against the defendant, as long as you find in favor of the plaintiffs and against the defendant on the question of liability.

The amount of punitive damages awarded must not be the result of passion or prejudice against the defendant on the part of the jury. The sole purpose

M.B. - Plfs' Proposed Jury Instructions 1.26.17

of punitive damages is to punish the defendant's outrageous conduct and to deter

the defendant and others from similar acts.


_____     Defendant's Concurrence
___X___      Defendant's Non-concurrence

Authority:  Pa. SSJI (Civ) 8.20

Respectfully submitted,

BATCHIS NESTLE AND REIMANN LLC


/s/ Nicole Reimann
Nicole Reimann, Esq. (PA 57707)
Leah Snyder Batchis, Esq. (PA 203605)
116 Bala Avenue
Bala Cynwyd, PA  19004
Telephone: (215) 550-1760
Fax: (215) 550-1768
Nicole@specialedlawgroup.com

*Attorneys for Plaintiff,*
*Traci and Joseph Berardelli on behalf of M.B. and*
*individually on their own behalf*

Dated:       January 26, 2017