# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRACI BERARDELLI** and **JOSEPH BERARDELLI**, on behalf of their daughter M.B., a minor, and individually on their own behalf, : : : : : | CIVIL ACTION NO. 3:14-0691 (JUDGE MANNION) |
| **Plaintiffs** : : | |
| v. : : | |
| **ALLIED SERVICES INSTITUTE OF REHABILITATION MEDICINE,** : : | |
| **Defendant** : | |

# M E M O R A N D U M

Pending before the court are a number of motions *in limine* filed by the parties ahead of the trial scheduled in this matter for January 30, 2017. The court will consider each motion as it appears on the docket.

Initially, the plaintiffs have filed a motion to preclude the testimony of the defendant's expert, Corey J. Andres. (Doc. 54). The plaintiffs argue that the testimony must be excluded in its entirety because it consists solely of legal opinions. Moreover, to the extent that the defendant intends to offer Mr. Andres's testimony in support of the affirmative defenses of fundamental alteration or direct threat, the plaintiffs argue that the opinions should be excluded because Mr. Andres has no factual basis to opine as to either

defense.

In considering the plaintiffs' initial motion *in limine*, the court has already ruled in its memorandum addressing the defendant's motion for summary judgment that Mr. Andres may not render any opinions tied to any legal conclusions. The court indicated, however, that Mr. Andres may render opinions as to how the conduct of the dePaul School met the requirements of the Rehabilitation Act. Moreover, to the extent that the plaintiffs disagree with Mr. Andres's opinions, the plaintiffs can cross-examine him. The weight of such evidence is then for the jury. For these reasons, the plaintiffs' motion to preclude the testimony of Corey J. Andres will be denied.

The plaintiffs have next filed a motion *in limine* to preclude any evidence about re-training the minor plaintiff's service dog, "Buddy", to wear a dander t-shirt. (Doc. 55). Here, the plaintiffs argue that such evidence is not relevant and that, even if relevant, its probative value is substantially outweighed by a danger of confusing the issues or misleading the jury.

Upon review, the court finds that the testimony with respect to re-training Buddy to wear a dander t-shirt is relevant to determine whether the minor plaintiff was offered appropriate and reasonable accommodations. The record demonstrates that it was the plaintiffs, those most familiar with Buddy's training, who proposed that Buddy wear a dander t-shirt. The plaintiffs' own

2

expert, Amy Bennett, has provided deposition testimony indicating that Buddy could have been trained to wear a dander t-shirt and that requesting Buddy to do so would be a reasonable way to accommodate Buddy's presence at the dePaul School where other children with allergies attended. The court finds that the evidence is relevant as to whether the minor plaintiff was offered reasonable accommodations and as to whether the dePaul School acted with deliberate indifference toward the minor plaintiff. Further, in light of the fact that the plaintiffs' own expert has testified that training for Buddy was available and reasonable, this testimony would also go to the plaintiffs' mitigation of damages. As such, the court will deny the plaintiffs' motion *in limine* to preclude evidence of re-training Buddy to wear a dander shirt.

In their third motion *in limine*, the plaintiffs seek to preclude any evidence that another child at the dePaul School, "M.H.", had severe allergies to dogs. (Doc. 57). Again, the plaintiffs argue that any such testimony has no probative value and, even if it did, any such value would be substantially outweighed by the risks of confusing the issues, misleading the jury and wasting time. The plaintiffs also argue that such testimony cannot be introduced because the defendant has no expert to present such testimony.

As to the testimony relating to M.H.'s allergies, the court finds that such evidence is relevant, in that it goes to whether the defendant acted with

3

deliberate indifference to the minor plaintiff. Further, whether the school acted reasonably under all of the circumstances at the time is relevant to the plaintiffs' negligence claim. Finally, as to this testimony, while the defendant's lay witness, Suzanne Rickard, cannot testify to matters which require scientific, technical, or other specialized knowledge, she may certainly testify as to her knowledge of M.H.'s allergies, her perceptions and what she witnessed or experienced. Therefore, the court will also deny the plaintiffs' motion *in limine* to preclude evidence of M.H.'s allergies at trial.

Finally, relating to the plaintiffs' motions *in limine*, the plaintiffs have requested that the court preclude any evidence of accommodations made for the minor plaintiff other than the use of Buddy. (Doc. 59). Here, the plaintiffs argue that the defendants may attempt to introduce evidence relating to other accommodations it provided to the minor plaintiff over the two years she attended the dePaul School. The plaintiffs argue that such evidence of other accommodations is not relevant and, even if it were, its probative value is substantially outweighed by a danger of confusing the issues and misleading the jury.

The court finds that evidence relating to other accommodations provided by the defendant to the minor plaintiff is relevant to whether or not the defendant was deliberately indifferent to the minor plaintiff and to whether the

defendant acted negligently. Moreover, in light of the fact that the plaintiffs are seeking punitive damages, the jury is entitled to consider the entire picture of the relationship between the defendant and the minor plaintiff in determining damages. Therefore, the plaintiffs' motion *in limine* seeking to exclude evidence of other accommodations will be denied.

    The defendant has submitted one motion *in limine*, in which it seeks to preclude and/or limit the expert testimony of Ann Cook, LSW. (Doc. 56). In doing so, the defendant argues that, although the plaintiffs produced an impact statement prepared by Ms. Cook, a therapist who treats the minor plaintiff, they did not identify any witnesses in their Rule 26(a)(2) disclosures who would testify on the issue of damages. The defendant argues that Ms. Cook testified that the minor plaintiff suffers from anxiety and depression, but she admitted that she could not say that those conditions were related to any actions or inactions by the dePaul School within a reasonable degree of medical certainty. The defendants argue that, since Ms. Cook cannot testify within the requisite certainty required for admissibility, her testimony should be precluded. Even if the testimony is allowed, however, the defendant argues that her testimony should be limited to her treatment of the plaintiff up to May 18, 2015, as the plaintiffs have not produced any treatment records after that date.

With respect to the defendant's motion, this court has already ruled in relation to the defendant's motion for summary judgment that the plaintiffs have presented sufficient evidence, by way of Ms. Cook, that the minor plaintiff suffered damages as a result of the defendant's failure to allow Buddy to attend school with her. Moreover, the court finds that the plaintiffs had no duty to supplement their disclosures under Fed.R.Civ.P. 26(e). Therefore, the defendant's motion *in limine* will be denied.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  January 27, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0691-03.wpd